IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,382 






EX PARTE OSCAR QUINTANILLA, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NO. 877480 IN THE 230TH DISTRICT COURT OF HARRIS
COUNTY




 Per curiam.

O P I N I O N





 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of the felony
offense of possession with intent to deliver cocaine, and punishment was assessed at twenty
years' imprisonment. Applicant appealed, and his conviction was affirmed. Quintanilla v.
State, No. 01-02-00394-CR (Tex. App. -- Houston [1st], delivered May 22, 2003, no pet.).

 Applicant contends, inter alia, that he was denied an opportunity to file a petition for
discretionary review because his appellate attorney did not timely notify him that that he
could seek discretionary review, pro se. The trial court, based upon an affidavit from
appellate counsel, recommended that relief be granted. The record reflects that although
counsel did timely inform Applicant that his conviction had been affirmed on direct appeal,
he did not inform Applicant that he could file a pro se petition for discretionary review from
his conviction.

 Habeas corpus relief is granted, in part, and Applicant is granted leave to file an out-of-time petition for discretionary review from his conviction in cause number 877480 from
the 230th Judicial District Court of Harris County. Applicant is ordered returned to the point
at which he can file a petition for discretionary review. For purposes of the Texas Rules of
Appellate Procedure, all time limits shall be calculated as if the Court of Appeals' decision
had been rendered on the day the mandate of this Court issues. We hold that should
Applicant desire to seek discretionary review, he must take affirmative steps to see that his
petition is filed in the Court of Appeals within thirty days of the date the mandate of this
Court has issued.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997).


DELIVERED: April 12, 2006

DO NOT PUBLISH